Callie SEWELL, Appellant,

v.

Randall LONDON, Appellee.

No. 7483.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 13, 1963.

Rehearing Denied Aug. 27, 1963.

Ralph R. Rash, Sulphur Springs, for appellant.

Joe N. Chapman, Sulphur Springs, D. L. Case, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellee.

CHADICK, Chief Justice.

This is a common law negligence action for damages resulting from personal injuries. The trial court sustained the defendant's motion and entered a summary judgment denying the plaintiff a recovery. The judgment of the trial court is reversed and the case remanded. The original opinion dated July 9, 1963, is withdrawn and this substituted for it in overruling the appellee's motion for rehearing.

Randall London, the defendant below and appellee in this court, is an employee in the High School of the Sulphur Springs, Texas, Independent School District. He teaches the subject, "Building Trades", in the vocational educational department. The plaintiff in the trial court and appellant here, Callie Sewell, was a sixteen year old boy enrolled as a pupil in the school and assigned to the Building Trades class.

At the term beginning in the first days of September, 1961, the school set up as a project for the Building Trades class the erection of a large dwelling house for a private individual; the school to be reimbursed for material. The pupils in Mr. London's class were assigned to do the work during the regular class periods under his supervision and direction.

In the course of instruction on the 5th day of December, 1961, Callie Sewell and a fellow pupil were assigned the work of sealing the inside wall of a room. The assignment involved sawing and fitting 1 x 6 planks; this involved ripping out a part of a plank to conform with a window opening. Callie Sewell was operating a power saw in the performance of this work when a mishap occurred in which his right hand was injured to the extent that the right forefinger, middle finger and a part of the hand were amputated, and some muscle tendons and ligaments of his left leg severed.

Callie Sewell, joined by his father as next friend, in his trial petition asserted several acts or omissions by defendant London, alleging each to be negligence and the proximate cause of Callie Sewell's injury. As the petition is understood, the acts or omissions include, among others, the following: The teacher failed to give the pupil supervision; the teacher failed to give the pupil instructions in the proper technique of handling the power saw; the teacher required the pupil to use a defective power saw; the teacher failed to take the power saw out of use until its defects were repaired; and the teacher failed to instruct the pupil in the safe use of the defective power saw.

The trial court sustained a motion for summary judgment and entered a take nothing judgment. This court has concluded that the evidence raised a fact issue in connection with the alleged negligence of the teacher in requiring the pupil to use a defective power saw, which should be determined in a trial on the merits; and that the teacher's defensive theory of volenti non fit injuria is not proven as a matter of law. On reaching this conclusion reversal must follow, and it becomes immaterial whether fact issues of other negligent acts or omissions are shown or the legal consequences thereof, and no decision is made respecting the other allegations.

The pupil testified that when the teacher assigned him the work that included ripping the 1 x 6 planks with a power saw that he asked the teacher's permission to use a lighter saw but was told to use the saw at hand. The pupil said that the saw he was directed to use had a defective switch and blade guard. He swore that he had previously called the teacher's attention to the defects; that the day before the mishap the switch worked improperly. The power saw, also referred to by all parties as a skill-saw, was powered when a trigger switch was pressed and held back, and the power shut off when the pressure on the trigger was released. The pupil offered evidence that the power frequently did not shut off until the trigger was manipulated by successive pulls. The teacher testified that some months prior to the time of the accident the trigger switch became faulty, but had been removed and replaced by a new switch, and at the time of the accident it was working perfectly.

The semi-circular blade guard on the saw snaps over the circular blade's exposed cutting edge when the blade is withdrawn from the saw cut. The teacher testified that the guard's function was to protect the operator from injury by the blade, and to protect the blade when the saw was not in use. He said that some time before the date of injury the saw had been dropped and the guard bent, but that it had been straightened and was working perfectly at the time the pupil used it. On the other hand, the pupil testified that the guard frequently would not snap into its protective position when the blade was withdrawn from a cut, thereby leaving the blade exposed, and that this condition had been called to the teacher's attention.

In his testimony the pupil said that the plank being cut lay on saw-horses, his fellow student steadying it at one end. He held the board with his right hand and had the saw in his left when the sawing operation began. As the saw was cutting it "bounced" out of the board and upward as high as his head, came down on his right hand, cutting his fingers, whereupon he released the saw entirely and it fell upon his left thigh, cutting him and then fell to the floor. He said the power did not go off until the saw hit the floor.

There is very little authority to be found in the adjudicated cases in Texas dealing with the tort liability of school teachers in actions of the nature plead and the reciprocal duties of the teacher-pupil relationship. 78 C.J.S. Schools and School Districts § 238c, p. 1197, says in part: "A teacher in the public schools is liable for injury to pupils in his charge caused by his negligence or failure to exercise reasonable care. * * * a teacher is a public servant

with limited powers and duties and when engaged wholly in the performance of public duties is liable only for his own acts of misfeasance in connection with ministerial matters." The same title, 79 C.J.S. Schools and School Districts § 493, p. 442, says: "As a general rule a school teacher, to a limited extent at least, stands in loco parentis to pupils under his charge, and may exercise such powers of control, restraint, and correction over them as may be reasonably necessary to enable him properly to perform his duties as teacher and accomplish the purposes of education, * * *. If nothing unreasonable is demanded, he has the right to direct how and when each pupil shall attend to his appropriate duties, * * *." Under the title "Schools", 47 American Jurisprudence 431, Sec. 180, it is said: "It is the duty of every principal or teacher in charge of a public school to maintain discipline and good order therein and to require of all pupils a faithful performance of their duties. * * *". The quoted expressions state broad general principles, some going beyond the questions in issue here. The principles expressed are to be understood as restricted in this application here to the question of the tort liability of a teacher who requires a student to use a defective power saw in the course of instruction at a vocational school project and to the affirmative defense of voluntarily encountering a known and appreciated danger. See also Fulgoni v. Johnston, 302 Mass. 421, 19 N.E.2d 542.

Mr. London denied that he required Callie to use the heavier saw involved in the mishap, and denied the saw was defective at the time of use. The evidence of record is conflicting and creates issues of fact in both respects. The plaintiffs were entitled to have these fact issues determined in the trial of the case on its merit. The evidence also raises a fact issue with reference to proximate cause. Whether or not the defendant's requirement, if he made it, that Callie use a power saw with a defective switch, defective guard, or both, was the proximate cause of Callie's injury is a question of fact. The next mentioned facts pertain to the issue and indicate the conflicting nature of the evidence. The saw guard failed to close over the exposed portion of the blade after the saw "bounced" from the cut in the material and the switch permitted the saw to continue to run after the pupil released his handhold on it. A properly operating switch would have shut off power when the pupil's handhold was released, and a properly operating guard would have snapped shut over the exposed blade when it left its cut in the material. After the saw bounced out of its cut and was falling to the floor the saw blade inflicted injury to the pupil's leg.

As the argument in the appellee's brief is understood, it is contended that even though the fact issues mentioned are resolved against appellee, nevertheless Callie Sewell can not prevail in this action because his, Callie Sewell's, admitted knowledge and conduct exonerates appellee London of liability. Appellee London bases this exoneration upon the defensive theory of volenti non fit injuria. The parties throughout their pleadings and in their briefs in this court have proceeded on the theory that the relation between Randall London and Callie Sewell is that of teacher and pupil. This tacit agreement by the parties respecting status removes any question of the correlative rights or duties of the parties if some other relationship was shown to exist, such as master-servant, etc.

The evidence is conclusive that Callie Sewell knew the saw's defects at the time he used it. The affirmative defense of volenti non fit injuria bars Callie Sewell from recovering for his injuries if his use of the saw was voluntary, and he actually knew and appreciated the danger of using it. Halepeska v. Callihan Interests, Inc., Tex., 371 S.W.2d 368; 6 Texas Supreme Court Journal 644 (Aug. 3, 1963); Schiller v. Rice, 151 Tex. 116, 246 S.W. 607; Dee v. Parish, 160 Tex. 171, 327 S.W.2d 449; Brown v. Lundell, 162 Tex. 84, 344 S.W.2d 863. The voluntary quality of Callie Sewell's action in using the saw is encounter-

ed immediately on consideration of the defense.

Besides the questions of the voluntary quality of Callie Sewell's action, there is no conclusive evidence that Callie Sewell, a 16 year old pupil had actual knowledge and appreciation of danger to him in using the defective saw, and decision is rested upon that ground. Such conclusion would have to be reached by inference from evidence that would support a contrary finding. Even less reason exists for saying that such knowledge as he had implied, as a matter of law, a knowledge and appreciation of the danger and that he voluntarily encountered it as in Schiller v. Rice, supra. Knowledge and appreciation are questions of fact for resolution in the trial on the merits. Dee v. Parish, supra; Halepeska v. Callihan Interests, Inc., supra.

The judgment of the trial court is reversed and the case remanded.