**Doris DUSON, as Next Friend of Sufronia Duson, Appellant,**

v.

**MIDLAND COUNTY INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 6961.**

Court of Civil Appeals of Texas, El Paso.

Feb. 25, 1981.

Hirsch & Bartley, H. Thomas Hirsch, Melissa Hirsch, Odessa, for appellant.

Cotton, Bledsoe, Tighe & Dawson, P. C., Charles Tighe, Deborah J. Randerson, Midland, for appellee.

OPINION

WARD, Justice.

This appeal is from a summary judgment granted in favor of Midland County Independent School District as the Defendant in

a common law negligence suit filed for the injuries suffered by a student when a swing she was using during school hours broke. We affirm.

Suit was brought by Doris Duson as next friend for her minor daughter, Sufronia Duson, for injuries the daughter sustained in April, 1978. Sufronia Duson was ten years old and was enrolled at the Anson-Jones Elementary School in Midland. It was alleged that while she was swinging on one of the School's swings during school hours, the swing broke, and she suffered a fracture of the left leg. It was alleged that the fall was caused by the defective equipment and that the ground immediately surrounding the area was extremely hard, the defect and conditions being known to the Defendant. Defendant moved for summary judgment on the ground that it was protected from suit under the doctrine of governmental immunity and under Section 19A of Article 6252–19, Tex.Rev.Civ.Stat. Ann. No answer was filed to the motion for summary judgment. The trial Court, after a hearing, granted the motion for summary judgment and a take nothing judgment was entered.

■ The Appellant's second point is an appeal that the courts abrogate the doctrine of governmental immunity. The point is without merit. The Supreme Court recently pointed that any waiver of governmental immunity is a matter to be addressed by the legislature. *Barr v. Bernhard*, 562 S.W.2d 844 (Tex.1978). It further pointed out that a school district is an agency of the state and while exercising governmental functions is not answerable for its negligence in a suit sounding in tort except for the limited waiver of immunity regarding use of motor vehicles. We are of the opinion that the furnishing of swings for the use of the school children on the playground during school hours is a governmental function since generally all the authorized functions of a school district are of a governmental character. *Garza v. Edinburgh Consolidated Independent School District*, 576 S.W.2d 916 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Braun v. Trustees of Victoria Inde-*

*pendent School District*, 114 S.W.2d 947 (Tex.Civ.App.—San Antonio 1938, writ ref'd). The point under discussion is overruled.

■ The Appellant's main claim on appeal is that Section 19A of Article 6252–19, Tex.Rev.Civ.Stat.Ann., is unconstitutional as it violates the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution, and Section 3 and Section 19 of the Texas Bill of Rights. Regardless of the popularity of the defense of governmental immunity as applied toward school districts, it is presently the law of this state. *Barr v. Bernhard*, supra. The school district exemption does have a rational and reasonable basis as required by the constitutions of the United States and Texas since the public school system benefits the entire state and payments of private claims would divert money from the schools and would thereby impair the quality and availability of public education. *See: Swafford v. City of Garland*, 491 S.W.2d 175 (Tex.Civ.App.—Eastland 1973, writ ref'd n. r. e.); *Calhoun v. Pasadena Independent School District*, 496 S.W.2d 131 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n. r. e.). We overrule the Appellant's constitutional challenge to the school district exemption as it now exists.

■ Appellant's final point is that the doctrine of *in loco parentis* enables her to sue the school district despite the exemption under the Tort Claims Act. We have considered the point and it is overruled.

This case involves a motion for summary judgment directed only to the pleadings and challenges the Appellant's right to suit. No defect in the pleadings that can be amended has been disclosed and the Appellant has made no such claim either in the hearing below or on appeal. 4 McDonald, Texas Civil Practice Sec. 17.26.8 (rev. 1971). The judgment of the trial Court is affirmed.