Sherry STOUT, Charles Stout and Suzy Stout, Appellants,

v.

GRAND PRAIRIE INDEPENDENT SCHOOL DISTRICT and Elizabeth Gomez, Appellees.

No. 05-86-00729-CV.

Court of Appeals of Texas, Dallas.

May 14, 1987.

Rehearing Denied July 23, 1987.

Darrell Panethiere, Dallas, for appellants.

John Wright, Grand Prairie, Hollye C. Fisk, Dallas, for appellees.

Before STEPHENS, McCLUNG and McCRAW, JJ.

McCRAW, Justice.

Sherry Stout, Charles Stout and Suzy Stout appeal from a take-nothing summary judgment in favor of Grand Prairie Independent School District and Elizabeth Gomez. Sherry Stout sustained serious, permanent injuries as the result of a fall during cheerleading practice. The Stouts alleged that Sherry's injuries were caused by the negligence of the school district and of Gomez, the school teacher in charge of the cheerleading squad. Gomez moved for summary judgment on the basis of immunity granted by TEX.EDUC.CODE ANN. § 21.912(b) (Vernon Supp.1987). The school district moved for summary judgment based on the doctrine of governmental immunity. The trial court granted both motions for summary judgment, and entered a take-nothing judgment against the Stouts. In six points of error, the Stouts attack the trial court's interpretation of section 21.912(b), and the constitutionality

of that section and of the common law doctrine of sovereign immunity; and contend that the doctrine of sovereign immunity "should be finally rejected as antiquated, anachronistic and unjust." We affirm the judgment of the trial court.

### I. *Statutory Construction of Section 21.912(b)*

In their first point of error, the Stouts contend that the trial court erred in interpreting section 21.912(b) to immunize professional school employees from the consequences of their negligent acts. The statute provides:

(b) No professional employee of any school district within this state shall be personally liable for any act incident to or within the scope of the duties of his position of employment, and which act involves the exercise of judgment or discretion on the part of the employee, except in circumstances where professional employees use excessive force in the discipline of students or negligence resulting in bodily injury to students.

The Texas Supreme Court has interpreted section 21.912(b) to provide immunity for professional employees of school districts "except when disciplining a student the employee uses excessive force or negligence which results in bodily injury to the student." *Hopkins v. Spring Independent School District*, 30 Tex.Sup.Ct.J. 251, 252 (Feb. 25, 1987) (citing *Barr v. Bernhard*, 562 S.W.2d 844, 849 (Tex.1978)). We are bound by this pronouncement of the law by the supreme court. *Diggs v. Bales*, 667 S.W.2d 916, 918 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). Point of error number one is overruled.

### II. *Constitutionality of Section 21.912(b)*

In their second and third points of error, the Stouts contend that section 21.-912(b) violates the open courts provision of the Texas constitution and the due process and equal protection clauses of the Texas and federal constitutions. In reviewing the constitutionality of a statute, there is a presumption of the validity of the statute.

*Spring Branch Independent School District v. Stamos*, 695 S.W.2d 556, 558 (Tex. 1985); *McColloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918, 923 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). We must presume that the legislature has not acted unreasonably or arbitrarily; a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis to strike down legislation as being arbitrary or unreasonable. *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex.1968); *Detar Hospital, Inc. v. Estrada*, 694 S.W.2d 359, 365 (Tex.App.—Corpus Christi 1985, no writ). In this context, we examine the Stouts' contention that section 21.912(b) violates both state and federal constitutions.

## A. *Due Process/Open Courts Doctrine*

The fourteenth amendment to the United States Constitution provides that no state shall deprive any person of life, liberty or property without due process of law. U.S. Const. Amend. XIV, § 1. Similarly, the Texas constitution provides that no citizen shall be deprived of life, liberty, property, privileges or immunities except by due course of law. TEX.CONST. art. I, § 19.

■ In addition, the Texas constitution provides that "all courts shall be open, and every person for injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. The open courts provision is a facet of due process, *Sax v. Votteler*, 648 S.W.2d 661, 663–64 (Tex. 1983); *McColloch*, 696 S.W.2d at 923, and insures that Texas citizens bringing common law causes of action will not unreasonably be denied the right to redress of injuries. *Hanks v. City of Port Arthur*, 121 Tex. 202, 209–16, 48 S.W.2d 944, 946–50 (1932).

In *Sax v. Votteler*, 648 S.W.2d 661 (Tex. 1983), the supreme court established a balancing test to be used in determining whether a legislative act violates the open courts provision. "The right to bring a well-established common law cause of action cannot be effectively abrogated by the legislature absent a showing that the legislative basis for the statute outweighs the denial of the constitutionally-guaranteed right of redress." *Id.* at 666. The court instructs us, in applying this test, to consider both the general purpose of the statute and the extent to which the litigant's right to redress is affected. *Id.*

### 1. *Litigant's Right to Redress*

■ In analyzing this right to redress, we must examine two criteria: a) whether the litigant has a cognizable common law cause of action that is being restricted; and b) the reasonableness and extent of the restriction. *Sax*, 648 S.W.2d at 666.

### a. *Common Law Cause of Action*

Texas courts have long recognized a common law cause of action entitling one to sue for injuries negligently inflicted by others. *See, e.g., Houston & Great Northern Railroad Co. v. Miller*, 51 Tex. 270 (1879). Before the passage of § 21.912, one appellate court determined that a school teacher could be liable for injuries caused by his negligence. In *Sewell v. London*, 371 S.W.2d 426 (Tex.Civ.App.—Texarkana 1963, no writ), the court reversed a summary judgment in favor of the teacher and remanded for further proceedings to determine whether the teacher was negligent in allowing a student to use a defective electric saw in shop class. *Id.* at 428–29. Clearly, the Stouts would have had an action at common law in the absence of section 21.912.

### b. *Restriction on Right to Redress*

The second criterion we examine is the effect of the restriction on the litigant's right to bring his cause of action. *Sax*, 648 S.W.2d at 666. Under the supreme court interpretation of section 21.912, a student cannot sue a teacher unless the student is injured by disciplinary actions. *Hopkins*, 30 Tex.Sup.Ct.J. at 252; *Barr*, 562 S.W.2d at 849. The statute, then, bars any recovery by a student injured because of the negligent, nondisciplinary acts of a teacher. This harsh restriction must be weighed against the purposes of the statute. *Sax*, 648 S.W.2d at 666.

### 2. Purpose of Section 21.912(b)

One appellate court, in determining that section 21.912 is constitutional, found its desirable purpose to be "providing teachers limited protection and freedom from being placed in the position of insurer against injury of each child directly or indirectly placed in their care." *Schumate v. Thompson*, 580 S.W.2d 47, 49 (Tex.Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). Protecting teachers from tort liability effects a broader purpose, that purpose resting upon the importance of public education to the entire state. "The objective of state support and maintenance of a system of public education is education of citizenship and is grounded upon conviction that a general diffusion of knowledge is essential for the welfare of Texas and for the preservation of the liberties and rights of citizens." TEX.EDUC.CODE ANN. § 2.01 (Vernon 1972).

The quality and availability of public education is a vital concern, as is evidenced by the wave of educational reform that has swept Texas in recent years. The legislature has recognized the importance of the school teacher to the quality of the educational system, requiring certification and examination of teachers. *See, e.g.,* TEX. EDUC.CODE ANN. § 13.031 et seq. (Vernon Supp.1987). If competent people are discouraged from entering the teaching profession because of potential tort liability, the public education system will be adversely affected. The statute benefits not only the teacher, but also the state educational system and the public at large.

### 3. Balancing Test

In determining whether section 21.921(b) violates the open courts provision, we balance the legislative basis of the statute against the litigant's right to redress. *Sax,* 648 S.W.2d at 666. Clearly, when a statute effectively abrogates a litigant's right to redress, the legislative purpose must be compelling. In *Sax,* the supreme court held the statute of limitation for a child's medical malpractice action unconstitutional because it barred a child from any remedy. The legislative purpose for the statute, reg-ulating insurance rates for health care providers in order to prevent sky-rocketing costs of medical care, was recognized as legitimate. The court held, however, that the means used by the legislature to achieve this purpose were not reasonable when weighed against the restriction of a child's cause of action. *Sax,* 648 S.W.2d at 667.

In the case at bar, the legislative purpose is compelling. Public education is a fundamental right guaranteed by the Texas constitution. TEX.CONST. art. VII. Although public education is not a right guaranteed to individuals by the United States Constitution, *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 35, 93 S.Ct. 1278, 1297, 36 L.Ed.2d 16 (1973), the United States Supreme Court has long recognized its importance:

> Today, education is perhaps the most important function of state and local governments.... It is required in the performance of our most basic public responsibilities, even service in the armed services. It is the very foundation of good citizenship. Today it is a principal instrument in awakening the child to cultural values, in preparing him for later professional training, and in helping him to adjust normally to his environment. In these days, it is doubtful that any child may reasonably be expected to succeed in life if he is denied the opportunity of an education.

*Brown v. Board of Education,* 347 U.S. 483, 493, 74 S.Ct. 686, 691, 98 L.Ed. 873 (1954). *See also Plyler v. Doe,* 457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982); *Ambach v. Norwick,* 441 U.S. 68, 99 S.Ct. 1589 (1979); *Wisconsin v. Voder,* 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); *Abington School District v. Schempp,* 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963); *Meyer v. Nebraska,* 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923). Not only is the legislative purpose compelling, we can conceive of no other, less restrictive means for the legislature to achieve its purpose. *Contra Sax,* 648 S.W.2d at 666.

■ We hold that the legislative basis for section 21.912(b) is rationally related to

the goals sought to be achieved by the legislature, and that those goals outweigh the limitation on the right to redress under the open courts provision of the Texas constitution. Accordingly, we hold that section 21.912(b) of the Texas Education Code does not violate article I, section 19 and article I, section 13 of the Texas constitution, nor does it violate the due process clause of the fourteenth amendment of the United States Constitution. We now examine the Stout's contention that section 21.-912(b) violates the equal protection provisions of the Texas and federal constitutions.

### B. *Equal Protection*

The United States Constitution provides that no state shall deny any person within its jurisdiction the equal protection of the law. U.S. CONST. Amend. XIV, § 1. The Texas constitution provides that "all free men ... have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges." TEX. CONST. art. I, § 3. Section 21.912 clearly creates different classes of plaintiffs that are treated differently under the law. It imposes a burden upon those injured as a result of a public school teacher's negligence that is not imposed upon those injured as a result of any other person's negligence. Further, it creates distinctions between students injured by disciplinary actions and those injured by nondisciplinary actions of a public school teacher. Thus, we must determine whether the differing standards of treatment for different types of plaintiffs violate equal protection.

■ A statute is not rendered unconstitutional merely because it treats one class of plaintiffs differently from another, similarly situated class of plaintiffs. A state may classify its citizens into reasonable classes and apply different laws, or apply its law differently, to the classes without violating equal protection. *Railroad Commission of Texas v. Miller*, 434 S.W.2d 670, 673 (Tex.1968). The courts apply a rational basis test. *See Gallagher v. Crown Kosher Super Market*, 366 U.S. 617, 624, 81 S.Ct. 1122, 1126, 6 L.Ed.2d 536 (1961) (United States Constitution equal protection clause); *Spring Branch Independent School District v. Stamos*, 695 S.W.2d 556, 559–60 (Tex.1985) (Texas constitution equal protection provision). Under the rational basis test, similarly situated individuals must be treated equally under the statutory classification unless there is a rational basis for not doing so. *Whitworth v. Bynum*, 699 S.W.2d 194, 197 (Tex.1985). Thus, the standard by which equal protection claims are reviewed is whether the establishment of disparate treatment for different classes is rationally related to goals the legislature sought to achieve by enacting the legislation.

■ We have discussed the legislative purpose of section 21.912 in analyzing the Stouts' due process and open courts contentions. Protecting teachers from tort liability ensures the continuing availability and high quality of free public education, an important societal interest protected by the Texas constitution. Determination of the wisdom, justice, necessity, or reasonableness of a law is the duty of the legislature, not the courts. *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex.1968). There is a strong presumption that a legislative body understands and correctly appreciates the needs of its own people, that its laws are directed to problems made manifest by experience, and that its discriminations are based upon adequate grounds. *Smith v. Davis*, 426 S.W.2d at 827. The judicial branch may interfere only when "it is made clearly to appear that there is no reasonable basis for the attempted classification." *Hurt v. Cooper*, 130 Tex. 433, 110 S.W.2d 896, 900–01 (1937). If there could exist a state of facts justifying legislative classifications or restrictions, the reviewing court will assume its existence. *Smith v. Decker*, 158 Tex. 416, 312 S.W.2d 632 (1958).

■ We hold that the disparate treatment of tort claimants injured by a public teacher's negligence is rationally related to the legislative goal of ensuring the continuing availability of quality public education. Accordingly, we hold that section 21.912(b) does not violate article I, section 3 of the Texas constitution, nor does it violate the

equal protection clause of the fourteenth amendment of the United States Constitution. We overrule the Stouts' second and third points of error.

## III. *Sovereign Immunity*

In three points of error directed to the trial court's judgment for Grand Prairie Independent School District, the Stouts urge this Court to abrogate the doctrine of governmental immunity for the following reasons: 1) the doctrine is antiquated, anachronistic and unjust; 2) governmental immunity as asserted by the school district violates the open courts provision of the state constitution; and 3) the doctrine violates these plaintiffs' rights to due process and equal protection under the Texas and federal constitutions.

### A. *Sovereign Immunity: Antiquated, Anachronistic and Unjust*

The Stouts' fourth point of error is an impassioned plea that sovereign immunity be abrogated by this Court in the interest of justice. The Texas Supreme Court has ruled that any waiver of governmental immunity is a matter to be addressed by the legislature. *Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex.1978); *Lowe v. Texas Tech University*, 540 S.W.2d 297, 298 (Tex.1976); *see also Duson v. Midland County Independent School District*, 627 S.W.2d 428, 429 (Tex.Civ.App.—El Paso 1981, no writ). The Stouts must address their plea to that forum.

 An independent school district is an agency of the state, *Barr*, 562 S.W.2d at 846, and "no state can be sued in her own courts without her consent, and then only in the manner indicated by that consent." *Hosner v. De Young*, 1 Tex. 764, 769 (1847). A school district is not answerable for its negligence in a suit sounding in tort, when it is exercising governmental functions. *Barr*, 562 S.W.2d at 846. Since a school district is purely a governmental agency and exercises only such powers as are delegated to it by the state, it performs no proprietary functions that are separate from governmental functions. *Garza v. Edinburg Consolidated Independent School District*, 576 S.W.2d 916, 918 (Tex. Civ.App.—Corpus Christi 1979, no writ) (sponsoring football program which is voluntary, extracurricular, recreational, and wholly financed by gate receipts is governmental function); *Braun v. Trustees of Victoria Independent School District*, 114 S.W.2d 947, 950 (Tex.Civ.App.—San Antonio 1938, writ ref'd). Since the school district was exercising a governmental function when Sherry Stout was injured during cheerleading practice, the school district was entitled to rely on the common law doctrine of governmental immunity. Point of error four is overruled.

### B. *Constitutionality of Sovereign Immunity*

In points of error five and six, the Stouts contend that the failure of the legislature to waive sovereign immunity as to school districts violates the state and federal constitutions. The Texas Tort Claims Act provides for a waiver of sovereign immunity in certain enumerated circumstances. TEX. CIV.PRAC. & REM.CODE § 101.001 et seq. (Vernon 1986). Section 101.051 provides: "Except as to motor vehicles, this chapter does not apply to a school district or to a junior college district." The Stouts argue that by waiving sovereign immunity in any respect, the legislature was constitutionally required to waive it as to school districts, citing *Jenkins v. State*, 85 Wash.2d 883, 540 P.2d 1363, 1368 (1975). Again, in reviewing these constitutional claims we presume the validity of legislative acts. *Spring Branch*, 695 S.W.2d at 558; *McColloch*, 696 S.W.2d at 923.

### 1. *Due Process/Open Courts*

 Vested rights, including matured causes of action, are protected by article I, section 19 of the Texas constitution, *Coulter v. Melady*, 489 S.W.2d 156, 159 (Tex.Civ.App.—Texarkana 1972, writ ref'd n.r.e.), *cert. denied*, 414 U.S. 823, 94 S.Ct. 123, 38 L.Ed.2d 56 (1973), and by the due process clause in the fourteenth Amendment of the United States Constitution. *Gibbes v. Zimmermann*, 290 U.S. 326, 332, 54 S.Ct. 140, 142, 78 L.Ed. 342

(1933); *Barr v. Preskitt*, 389 F.Supp. 496, 498 (M.D.Ala.1975). Further, the open courts provision of the Texas constitution prohibits unreasonable restrictions of the right to bring common law causes of action. *Sax*, 648 S.W.2d at 664.

The Stouts have, however, no vested, common law cause of action. The doctrine of sovereign immunity has preceded all the constitutional provisions cited by the Stouts. *See Tarrant County Hospital District v. Ray*, 712 S.W.2d 271, 273 (Tex. App.—Fort Worth 1986, no writ); *Russell v. The Men of Devron*, 100 Eng.Rep. 359, 2 T.R. 667 (1788) (origin of governmental tort immunity in English common law). *See also* W. Prosser, *Handbook of the Law of Torts* § 131 at 970 (4th ed. 1971) (doctrine of sovereign immunity may have had its origins in Roman law). The Stouts cannot complain of an unconstitutional deprivation of a nonexistent common law vested right. *Cf. Ray*, 712 S.W.2d at 273. If the Stouts had a vested, common law right, we would still be unable to find a due process violation. A statute violates due process only if it is arbitrary or unreasonable. *In Interest of B.M.N.*, 570 S.W.2d 493, 503 (Tex.Civ. App.—Texarkana 1978, no writ). In weighing the legislative purpose [1] for exempting school districts from the waiver of governmental immunity in the Texas Tort Claims Act against the individual's right to bring a common law cause of action, if any exists, we hold that the legislative action is reasonable. *See Duson v. Midland County Independent School District*, 627 S.W.2d 428, 429 (Tex.Civ.App.—El Paso 1981, no writ).

### 2. *Equal Protection*

■ The Stouts contend that exempting school districts from the general waiver of governmental immunity embodied in the Tort Claims Act denies them the equal protection of the laws, as required by the fourteenth amendment to the United States Constitution and by article I, section 3 of the Texas constitution. Section 101.051 of the Texas Tort Claims Act, which retains sovereign immunity for school districts,

clearly creates different classes of plaintiffs that are treated differently under the law. Those injured as a result of a school district's negligence are prevented from recovering damages, while those damaged by acts of other governmental entities are entitled to recovery. A state may, however, create different classes and treat them differently under the laws when there is a rational basis for doing so. *Whitworth*, 699 S.W.2d at 197; *Miller*, 434 S.W.2d at 673.

In *Duson v. Midland County Independent School District*, 627 S.W.2d 428 (Tex. Civ.App.—El Paso 1981, no writ), the El Paso Court of Appeals held that the school district exemption does have a rational and reasonable basis "since the public school system benefits the entire state and payments of private claims would divert money from the schools and would thereby impair the quality and availability of public education." *Id.* at 429 (citing *Swafford v. City of Garland*, 491 S.W.2d 175 (Tex.Civ. App.—Eastland 1973, writ ref'd n.r.e.); *Calhoun v. Pasadena Independent School District*, 496 S.W.2d 131 (Tex.Civ.App.— Houston [14th Dist.] 1973, writ ref'd n.r. e.)). *See also* Comment, *Broad Tort Immunity Provided Texas Public Schools and Public School Personnel: A Reappraisal*, 16 Tex. Tech L.Rev. 515, 526 (1985) (school funds are trust funds for the sole purpose of maintaining schools and cannot be diverted for any other purpose). We agree. School district exemption has a rational basis and, therefore, does not violate the equal protection provisions of our state and federal constitutions. Points of error five and six are overruled.

### IV. *Conclusion*

Section 21.912(b) of the Texas Education Code protects public school teachers from liability for acts of negligence committed in the course and scope of their employment. While this immunity works a hardship upon injured students, it is necessary to effect a rational and compelling legislative purpose that rests upon the importance of free public education to this state. We hold that

---

**1.** This purpose will be discussed in addressing the Stouts' equal protection claim, *infra.*

section 21.912(b) does not violate the due process and equal protection provisions of the Texas and federal constitutions, nor does it violate the open courts provision of the Texas constitution.

Further, this Court is unable to abrogate the doctrine of sovereign immunity. The waiver of sovereign immunity is left to the legislature. We cannot agree with the Stouts' contention that the legislature is constitutionally required to waive sovereign immunity as to school districts since it has waived it as to other governmental entities. The school district exemption embodied in section 101.051 of the Texas Tort Claims Act does not violate due process or the open courts provision; the Stouts have no vested, common law cause of action of which they have been deprived. The school district exemption is not violative of the equal protection clauses of the state and federal constitutions because disparate treatment is justified by a rational and reasonable legislative purpose.

The Stouts' six points of error are overruled, and the judgment of the trial court in favor of Elizabeth Gomez and the Grand Prairie Independent School District is in all respects affirmed.