**Tracy GRUBBS, Plaintiff,**

v.

**ALDINE INDEPENDENT SCHOOL DISTRICT, et al., Defendants.**

**Civ. A. No. H–86–4018.**

United States District Court, S.D. Texas, Houston Division.

Jan. 25, 1989.

**128**

Larry Watts, Watts and Co., P.C., Houston, Tex., for plaintiff.

Jeffrey J. Horner, Bracewell & Patterson, Houston, Tex., for defendants.

## ORDER

HOYT, District Judge.

Pending before the Court are Defendants' Motion for Summary Judgment and Plaintiff's Motion to Stay Submission on Defendants' Motion for Summary Judgment Pending Further Discovery.

### I. PLAINTIFF'S MOTION TO STAY SUBMISSION

■ Defendants' Motion for Summary Judgment was filed on March 27, 1987. Plaintiff's response was due May 4, 1987. Plaintiff did not file a response until May 11, 1987, at which time he filed a Motion for Extension of Time in Which to Respond. The Court granted the extension until June 22, 1987. Plaintiff filed his response on June 19, 1987, stating only that a material issue of fact existed, and attached the affidavit of Ralph McNeir, stating that, in his opinion, "permitting students ... to use a tablesaw without a safety guard is an act of conscious indifference...." No further action was commenced in this case until June 3, 1988, when Plaintiff filed his Motion to Stay Submission.

In this Motion, Plaintiff contends that on May 21, 1987, The Fifth Circuit, in *Lopez v. Houston Independent School District*, 817 F.2d 351 (5th Cir.1987), recognized that an issue of fact exists when a state official acts with callous indifference toward an individual. On March 22, 1988, the United States Supreme Court rendered an opinion in *City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988), which sets forth the current principles regarding the liability of a governmental entity for the unconstitutional acts of its employees. Plaintiff requests that the Court allow him additional time to depose officers of Aldine Independent School District and two persons in the Central Education Agency and to stay submission of Defendants' Motion for Summary Judgment for ninety days.

The Court agrees with Defendants that Plaintiff's Motion to Stay is unwarranted. As aforementioned, Plaintiff has already been granted one extension of time to respond. Furthermore, Plaintiff answered Defendants' Motion after *Lopez* was decided but did not brief the *Lopez* case in his original response and then filed this Motion two and a half months after the *Praprotnik* case. Additionally, in the Status Report submitted by both parties on May 24, 1988, Plaintiff made no indication that he intended to file a Motion to Stay or that he needed more discovery time. In fact, both parties requested that Defendants' Motion for Summary Judgment be submitted to the Court at its earliest convenience. To allow additional discovery time to Plaintiff at this point would be manifestly prejudicial to Defendants.

Accordingly, Plaintiff's Motion to Stay Submission is DENIED.

### II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Summary Judgment may only be granted if it "appears from the pleadings, depositions, admissions and affidavits, considered in the light most favorable to the non-moving party, that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir.1985). Once Defendants successfully discharge this burden, the burden shifts to Plaintiff to counter Defendants' affidavits with opposing affidavits or other competent evidence setting forth specific circumstances showing a genuine issue of material fact.

■ In the case at bar, Defendants have provided the Court with substantial proof as a basis for their Motion for Summary Judgment. Plaintiff has responded only by providing one expert affidavit, containing an opinion that the incident in question was the result of conscious indifference by Al-

dine school officials. While this affidavit may not be accorded much substantive weight at trial, it may not be completely disregarded on a Motion for Summary Judgment. However, for the reasons stated below, the affidavit in this case is not sufficient to establish that a genuine issue of fact exists.

In his First Amended Original Petition, Plaintiff alleges that Defendants Aldine Independent School District, Jerry Ford, and Sonny Donaldson violated his rights under the Fourteenth Amendment in that Defendants failed to provide him with proper safeguards and adequate supervision. Such failures, he contends, constitute negligence or gross negligence. Plaintiff seeks monetary redress for violation of his constitutional rights, bodily injury, and mental anguish.

Constitutional torts are actionable only when there is malicious, egregious, or callously indifferent conduct by school officials. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Lopez v. Houston Independent School District*, 817 F.2d 351 (5th Cir.1987). The Supreme Court established this standard in *Daniels* long before Plaintiff filed his response to Defendants' motion and *Lopez* was rendered one month before Plaintiff filed his response. Nevertheless, Plaintiff did not discuss this standard in his response. He merely submitted one affidavit in which an expert opined that the use of a tablesaw without a safety hatch was an act of conscious indifference. Only in that affidavit did Plaintiff mention the words "conscious indifference."

In order to establish liability on the part of a governmental entity, in this case the school district, Plaintiff must meet the standard outlined in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), in which the Supreme Court held that a local government may not be sued under 42 U.S.C. § 1983[1] for an injury inflicted by its employee or agent unless its employee or agent implements an official policy adopted by that body's officers. Local governments and officials sued in their official capacities can be sued under § 1983 only in situations where the Plaintiff alleges an unconstitutional action as a result of a policy, ordinance, regulation, or decision officially adopted or promulgated by those whose edicts may fairly be said to represent official policy. In *St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988), the Supreme Court very recently reiterated its standards for articulating the liability of a governmental entity. The Court reaffirmed *Monell* and its progeny, but continued to allow the exception of a single incident as a sufficient basis to establish an unconstitutional policy as developed in *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

Plaintiff in this case has made no allegation that the alleged unconstitutional act was caused by an official policy of Aldine Independent School District or its employees. Moreover, even if this Court were to infer a policy of allowing the use of a tablesaw without a safety guard and were to allow a single incident of such use as sufficient to satisfy a policy of unconstitutional conduct, such action is not in and of itself unconstitutional. Evidence must be adduced which proves that the policymakers consciously chose the unconstitutional policy and that the policy caused the injury. Plaintiff has not pointed to any existing policy or custom which caused his injuries or to any causal nexus between a policy and Plaintiff's injury. One expert's opinion as to "conscious indifference" does not meet Plaintiff's burden of establishing an unconstitutional policy on the part of Aldine Independent School District or Messrs. Ford and Donaldson in their official capacities. Plaintiff only alleges negligence or gross negligence which is not sufficient to sustain his cause of action. In fact, Defen-

---

**1.** Plaintiff does not allege 42 U.S.C. § 1983 as statutory authority for federal jurisdiction of this case. This case was removed to federal court based on diversity jurisdiction. However, the Court agrees with Defendants that the only statute applicable to these claims is 42 U.S.C. § 1983. Defendants request that the case be dismissed for Plaintiff's failure to allege a jurisdictional basis. Defendants' request is DENIED.

dants have provided evidence that Aldine Independent School District maintains a policy of safety in its classrooms. Plaintiff has not refuted this evidence.

 Turning to Messrs. Ford and Donaldson as sued in their individual capacities, the Supreme Court has stated that "officials are shielded from liability ... insofar as their conduct does not violate clearly established statutory or constitutional rights...." *Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). Contrary to Plaintiff's assertions, this Court has previously held that a student has no constitutionally protected right to a safe environment in school. *See Voorhies v. Conroe Independent School District,* 610 F.Supp. 868 (S.D.Tex.1985). Furthermore, the actions of Messrs. Ford and Donaldson have not been shown to be malicious or egregious as required to impose liability.

Defendants have successfully met their burden of proof. Plaintiff, however, has failed to counter Defendants' evidence setting forth specific circumstances in which a genuine issue of material fact exists. This Court accordingly ORDERS that Defendants' Motion for Summary Judgment be GRANTED.