James **MOORE**, et al.

v.

**PORT ARTHUR INDEPENDENT SCHOOL DISTRICT**, et al.

**Civ. A. No. B–89–0821–CA.**

United States District Court, E.D. Texas, Beaumont Division.

Nov. 26, 1990.

Brent W. Coon, Beaumont, Tex., for plaintiffs.

David A. Livingston, Houston, Tex., for defendants.

## MEMORANDUM ORDER

COBB, District Judge.

The individual defendant in this case, Charles Martin, has moved this court for summary judgment of the plaintiffs' claims against him. Martin, the woodshop instructor in whose class the minor plaintiff was injured, advances several theories upon which to base a summary judgment. This court will review those arguments and the summary judgment evidence, pursuant to FED.R.CIV.P. 56.

Summary judgment is only appropriate where no genuine issue of material fact exists, and the moving party is entitled to summary judgment as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The facts must be viewed in the light most favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court now turns to Martin's motion.

### 1. TEX.EDUC.CODE ANN. § 21.912(b) IMMUNITY

■ Martin first argues he is immune from this action, based on TEX.EDUC. CODE ANN. § 21.912(b). That section provides:

> (b) No professional employee of any school district within this state shall be personally liable for any act incident to or within the scope of the duties of his position of employment, and which act involves the exercise of judgment or discretion on the part of the employee, except in circumstances where professional employees use excessive force in the discipline of students or negligence resulting in bodily injury to students.

TEX.EDUC.CODE ANN. § 21.912(b). No question of material fact exists as to whether Martin is a "professional employee," acting in the scope of his employment, and in the class of people the immunity statute was designed to shield. Martin is the woodshop instructor at Thomas Edison High School, in the Port Arthur Independent School District (PAISD). He was acting as such at the time the minor plaintiff was injured in Martin's woodshop class.

However, the claims of these plaintiffs, arising under the due process clauses of the Constitutions of the State of Texas and the United States of America, are not the type of claims the immunity statute operates to bar. Although the plaintiffs in their second amended petition advise they have given the defendants proper notice under the Texas Tort Claims Act, these are not tort claims.

The immunity provisions of TEX.EDUC. CODE ANN. § 21.912(b) were intended to bar tort liability. *Stout v. Grand Prairie*

*Ind. School District,* 733 S.W.2d 290, 294 (Tex.App.—Dallas 1987, writ ref'd n.r.e.), *cert. denied* 485 U.S. 907, 108 S.Ct. 1082, 99 L.Ed.2d 241 (1988). This court believes the plaintiffs correctly argue in their response to the motion for summary judgment that their claims are based on allegations of breaches of the state and federal constitutions, not tort law.[1]

This court finds that TEX.EDUC.CODE ANN. § 21.912(b) does not operate to bar this lawsuit. Accordingly, summary judgment cannot be granted on that basis.

### 2. ABSENCE OF CALLOUS INDIFFERENCE

■ Martin next argues that summary judgment is appropriate on these constitutional claims because he did not act with "callous indifference" to the plaintiffs' rights. This court first points out that the plaintiffs correctly argue in their response to the motion for summary judgment that the state and federal due process clauses are to be similarly construed. In fact, "[i]t is clear that the protection afforded under the procedural [and substantive] due process rights granted by Article I, Section 19 [of the Texas Constitution] are congruent with those in the Federal Constitution." *Price v. City of Junction, Tex.,* 711 F.2d 582, 590 (5th Cir.1983). Accordingly, this court will cover both the state and federal constitutional claims in one analysis.

■ To prevail on this constitutional claim, the plaintiffs must show Martin's conduct was malicious, egregious, or callously indifferent. *See Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). In this case, no allegation has been made that the conduct was malicious or egregious. Martin argues that no genuine issue of material fact exists regarding whether he exhibited callous disregard for the plaintiffs' rights, and so he is entitled to judgment as a matter of law.

Remarkably, the issue of a constitutional tort alleged against the teacher of a wood-

shop class for injuries sustained by students in that class has been litigated at least twice already in this circuit. *Grubbs v. Aldine Ind. School Dist.,* 709 F.Supp. 127 (S.D.Tex.1989); *Voorhies v. Conroe Ind. School Dist.,* 610 F.Supp. 868 (S.D. Tex.1985). These two cases are not binding upon this court, but are nevertheless extremely helpful in determining this question.

In *Grubbs,* the plaintiff received injuries to his fingers in woodshop class, when using a table saw which lacked a safety guard. Judge Hoyt granted summary judgment for the defendants on the federal constitutional claim, finding no conscious indifference had been shown on the part of the defendants. *Grubbs,* 709 F.Supp. at 129–130.

In *Voorhies,* the plaintiff injured the fingers of his right hand in woodshop class, when using a table saw. The teacher had removed the safety guard from the table saw. Judge Singleton granted summary judgment for the defendants on the federal constitutional claim, finding "the acts in question [removing the safety guard], even if negligent, were not sufficiently egregious as to be constitutionally tortious...." *Voorhies,* 610 F.Supp. at 873.

In the instant case, no allegation has been made that Martin in any way altered the equipment the minor plaintiff was using. It is undisputed that Martin administered a safety test to all the woodshop students, and that the minor plaintiff scored 100% on the safety test. The only conduct of which the plaintiffs complain is the fact that Martin stepped into a small storage room for additional supplies during the class.

It is impossible for this court to conclude that a woodshop teacher who gets additional materials during class from a storage room within the classroom is acting with callous disregard for the rights of the students in the room.[2] No genuine issue of

---

1. This is obviously inconsistent with the notice the plaintiffs provided under the Texas Tort Claims Act, but that inconsistency is irrelevant to the outcome here.

2. Because summary judgment is granted on this basis, this court does not reach the question of what rights the students actually have. The court notes that in both *Grubbs* and *Voorhies,*

material fact exists on these points, and this court finds Martin is entitled to summary judgment as a matter of law.

Accordingly, summary judgment is GRANTED for defendant Charles Martin, and he shall recover all costs of court.

the opinions mention that substantial doubt exists as to whether a student has a constitutional right to a safe environment in school. *See Par-* *ratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).