Beavers v. Goose Creek C.I.S.D. 










[WITHDRAWN 8-3-94]
 




IN THE
TENTH COURT OF APPEALS
 

No. 10-93-116-CV

     JAMES LOWRY BEAVERS, JR., ET AL.,
                                                                                              Appellants
     v.

     GOOSE CREEK CONSOLIDATED I.S.D., ET AL.,
                                                                                              Appellees
 

From the 344th District Court
Chambers County, Texas
Trial Court # 13295
                                                                                                    

O P I N I O N
                                                                                                    

      James Beavers, Jr. and Beavers Construction Company, Inc. (Beavers) appeal a summary
judgment that dismissed all of their claims against the Goose Creek defendants.


 We will affirm
in part and reverse and remand in part.
BEAVERS' PETITION
      On November 6, 1990, Beavers sued the Goose Creek defendants and Doc Jones (doing
business as Doc Jones Floor Company) for breach of contract and for tortiously violating
constitutionally protected liberty and property interests. Beavers generally alleged that his
company's troubles began when it hired a former Goose Creek employee, Matt Closs, who had
been fired for allegedly stealing or misusing school district property. As a result, Beavers
claimed, the Goose Creek defendants retaliated by breaching a contract that Beavers Construction
had to replace two school gym floors (gym floor contract), by refusing to allow the company to
bid on the construction of two portable school buildings (portable building project), and by
wrongfully paying Beavers Construction and a subcontractor by a joint check for a roofing job on
two schools (roofing contract). According to Beavers, Doc Jones conspired with the Goose Creek
defendants in these actions. 
SUMMARY JUDGMENT
      On October 30, 1992, the Goose Creek defendants moved for a summary judgment supported
by affidavits and other documentary evidence. They based the motion on the following grounds:
(1) the individual defendants are not liable in their individual capacities as a matter of law; (2)
Beavers has released the district from all liability on the roofing contract as a matter of law; (3)
the district was not required to publicly bid the portable building project as a matter of law because
the cost was less than $10,000; (4) the district had the right to rescind the gym floor contract as
a matter of law because Beavers failed to begin work by the time specified and also failed to give
adequate written assurance of due performance; and (5) the district policy regarding former district
employees terminated for cause did not create any cause of action in Beavers as a matter of law.
      The Goose Creek defendants filed a brief in support of their motion on December 18, the day
the summary judgment was heard. No formal response to the motion for summary judgment
appears in the appellate record. On December 17 Beavers filed a brief opposing the motion for
summary judgment. Beavers filed another motion on December 22, four days after the summary
judgment hearing, seeking permission to file "additional" summary judgment evidence, including
an affidavit of James Beavers and a supplemental brief, but the motion was denied. On January
26, 1993, without specifying the grounds on which it was granted, the court rendered a summary
judgment dismissing all of Beavers' claims against the Goose Creek defendants. Later, the court
severed the claims against Jones from those on which the court had granted summary judgment.
GROUNDS NOT ATTACKED ON APPEAL
      Beavers raises these points on appeal: (1) the court incorrectly applied the summary judgment
standard; (2) the court erred when it denied the motion to reopen the summary judgment evidence;
(3) the court erred when it dismissed the contract claims because written adequate assurance was
not required; (4) the court erred when it dismissed claims grounded in the federal constitution; (5)
the court erred when it dismissed claims grounded in the Texas constitution; and (6) the court
erred when it ruled as a matter of law that the individual defendants are entitled to immunity. 
Beavers failed to attack three grounds on which the Goose Creek defendants moved for summary
judgment—i.e., (1) the release, (2) the statute that does not require projects to be publicly bid if
their cost is under $10,000, and (3) the district policy relating to former employees dismissed for
cause did not create any cause of action in Beavers as a matter of law. When the court does not
specify the grounds for the summary judgment, as here, the non-movant must attack every ground
on which it could have been granted or risk having it summarily affirmed on the unchallenged
grounds. See Sullivan v. University Interscholastic League, 616 S.W.2d 170, 173 (Tex. 1981). 
We thus affirm the summary judgment on the three grounds that Beavers did not attack by points
of error. 
POINTS
      We review the summary judgment under the rules in Nixon v. Mr. Property Management, 690
S.W.2d 546, 548-49 (Tex. 1985). Beavers argues under the first point that the court incorrectly
required them, as non-movants, to rebut the motion for summary judgment before the Goose
Creek defendants ever conclusively established that there were no material fact issues. The burden
of proof never shifts in a summary judgment proceeding. Cotton v. Ratholes, Inc., 699 S.W.2d
203, 205 (Tex. 1985). Thus, a non-movant is not required to respond to the motion or produce
any countering evidence, but may elect to test the legal sufficiency of the summary judgment
solely on the evidence supplied by the movant. McConnell v. Southside School Dist., 858 S.W.2d
337, 343 (Tex. 1993) (citing City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671,
678 (Tex. 1979)). Beavers had no burden to respond at all. Moreover, the record does not reflect
any order requiring Beavers to respond or produce evidence. Under the circumstances we
overrule point one.
      Beavers complains in point two that the court abused its discretion when it denied the motion
seeking permission to file additional evidence after the summary judgment hearing. We do not
have a record of the hearing on the motion to reopen the evidence.
      A court can allow evidence to be filed after the hearing on the motion and before summary
judgment is rendered. Tex. R. Civ. P. 166a(c). Whether to grant such permission is clearly
discretionary. Id. Because no oral testimony can be received at the summary judgment hearing,
a statement of facts is not "appropriate to the purposes of such a hearing." Clear Creek Basin
Authority, 589 S.W.2d at 677. However, a statement of facts is appropriate to the purposes of the
hearing on the motion to reopen the evidence, which was filed four days after the summary
judgment hearing. Beavers has the burden on appeal of producing a record sufficient to show
error. See Tex. R. App. P. 50(d). Without a statement of facts, he cannot demonstrate that the
court abused its discretion when it refused to permit additional evidence to be filed after the
hearing on the motion for summary judgment. See Greenstein v. Burgess Marketing, 744 S.W.2d
170, 177 (Tex. App.—Waco 1987, writ denied); also Beaumont Bank, N.A. v. Buller, 806 S.W.2d
223, 228 (Tex. 1991) (Gonzalez, J., concurring). Point two is overruled.
      Point three is a complaint that the court erred when it granted a summary judgment dismissing
the contract claims against the school district. The school district supported the motion for a
summary judgment with the affidavit of Pete Cote, its director of purchasing. Cote stated in the
affidavit that on May 14, 1990, the school district awarded Beavers Construction a contract to
replace two gym floors, that time was of the essence in its performance, and that the contractor
had to begin performance by August 10, 1990, and complete performance by August 24, 1990. 
Cote informed Beavers by letter that a failure to begin performance by August 10 would constitute
a breach of contract. When Beavers Construction had not begun performance by August 13, 1990,
the school district rescinded the contract and awarded it to the next highest bidder, Doc Jones
Floor Company.
      When time is of the essence to performance, performance must occur within the specified
time. See McKnight v. Renfro, 371 S.W.2d 740, 745 (Tex. Civ. App.—Dallas 1963, writ ref'd
n.r.e.). A material breach of an executory contract gives the injured party the option of rescission. 
Allen v. Allen, 751 S.W.2d 567, 575 (Tex. App.—Houston [14th Dist.] 1988, writ denied) (citing
Cundiff v. McLean & Miller, 40 Tex. 392, 394-95 (1874)).
      The school district conclusively established by Cote's affidavit that time was of the essence
in the performance of the gym floor contract and that Beavers Construction breached the contract
by failing to begin performance by the time specified. Thus, the summary judgment evidence
conclusively established that the school district had the right to rescind the executory contract for
a material breach and that Beavers had no cause of action based on the contract or its rescission. 
Accordingly, the court properly rendered a summary judgment dismissing Beavers' breach-of-contract claim against the school district.


 Point three is overruled.
      Beavers alleged in the petition that the Goose Creek defendants retaliated against him and
Beavers Construction by adopting a discriminatory policy, breaching a contract Beavers
Construction held to replace two gym floors, and refusing to allow Beavers Construction to bid
on the construction of two portable school buildings. Beavers expressly alleged that the Goose
Creek defendants, acting in their official capacities, violated liberty and property interests
protected by the Texas constitution, including rights in existing and future contracts, the right to
bid on school district projects, and freedom of speech and freedom of association. 
      Beavers claims in the fourth point that the court erred when it rendered a summary judgment
dismissing causes of action based on the federal constitution. The Goose Creek defendants never
moved for summary judgment on that cause of action. Moreover, the court never specified any
grounds on which it was rendering summary judgment. 
      As already noted, Beavers expressly plead a cause of action based on the Texas constitution. 
He did, however, include a general allegation that the Goose Creek defendants deprived him and
his company of "constitutionally protected interests without due process/due course of law." 
(Emphasis added). "Due process," a term found in the federal constitution, is the legal equivalent
of "due course of law," a term unique to the Texas constitution. U.S. Const. amend. IV, § 1;
Tex. Const. art. I, § 19. Although the terms are used interchangeably with respect to the Texas
constitution, the same is not true for the federal constitution, where "due process" is a commonly
used exclusive term of reference.
      A court errs when it grants a summary judgment on a ground not sought by the movant. See
McConnell, 858 S.W.2d at 339. We sustain point four because the Goose Creek defendants never
moved for a summary judgment on a cause of action based on the federal constitution. See id. 
However, by sustaining point four, we express no opinion on whether Beavers ever alleged a
cause of action based on the federal constitution.
      In point five Beavers contends the court erred when it rendered a summary judgment
dismissing causes of action based on violations of the Texas constitution. Other than generally
asserting that the "Texas Constitution contains no provision which would force a school board .
. . to continue to do business with a former employee who has been terminated for cause," the
Goose Creek defendants never moved for a summary judgment on the specific ground that they
were entitled to judgment as a matter of law on causes of action based on rights protected by the
Texas constitution. Any doubt as to whether they moved for summary judgment on the cause of
action alleged under the Texas constitution must be resolved in Beavers' favor. See Mr. Property
Management, 690 S.W.2d at 549. Thus, the court erred when it rendered a summary judgment
dismissing causes of action based on the state constitution, a ground never specifically raised in
the motion. See McConnell, 858 S.W.2d at 339. Point five is also sustained.
      The individual defendants moved for a summary judgment on the ground that they were not
liable in their individual capacities. Beavers' sixth and final point is that the court erred when it
ruled that the board members and professional employees are entitled to immunity. Beavers first
argues that immunity could not be used as a ground for the summary judgment because it was
never pled as an affirmative defense. An unpled affirmative defense, if raised in the motion, can
be the basis for a summary judgment when the non-movant does not object in a written response
or before judgment is rendered. Roark v. Stallworth Oil and Gas, Inc., 813 S.W.2d 492, 494
(Tex. 1991). Beavers never raised this complaint in a response or before judgment, and cannot
raise it now.
      Beavers next contends that the individual defendants never conclusively established their
immunity. Section 21.912(b) of the Education Code provides:
(b) No professional employee of any school district within this state shall be personally
liable for any act incident to or within the scope of the duties of his position of employment,
and which act involves the exercise of judgment or discretion on the part of the employee,
except in circumstances where professional employees use excessive force in the discipline
of students or negligence resulting in bodily injury to students.
Tex. Educ. Code Ann. § 21.912(b) (Vernon 1987). "Professional employee" includes
superintendents and "any other person whose employment requires certification and an exercise
of discretion." Id. § 21.912(d).
      Section 21.912(b) provides professional employees qualified immunity for acts done within
the scope of their employment that involve judgment or discretion. Barr v. Bernhard, 562 S.W.2d
844, 848 (Tex. 1978). Beavers argues, however, that the immunity is only against common-law
torts, not constitutional-based claims. See Moore v. Port Arthur Independent School Dist., 751
F.Supp. 671, 672-73 (E.D. Tex. 1990). The federal district court in Moore based its
holding—that section 21.912(b) only provides common-law tort immunity—on the opinion in Stout
v. Grand Prairie Ind. School Dist., 733 S.W.2d 290 (Tex. App.—Dallas 1987, writ ref'd n.r.e.),
cert. denied, 485 U.S. 907, 108 S.Ct. 1082, 99 L.E.2d 241 (1988). For the reasons explained
below, we reject the holding in Moore.
      After delving into the legislative intent underlying section 21.912(b), the Texas Supreme
Court in Barr held:
We hold Section 21.912(b) of the Texas Education Code to mean that a professional
school employee is not personally liable for acts done within the scope of employment, and
which involve the exercise of judgment or discretion, except in circumstances where
disciplining a student, the employee uses excessive force or his negligence results in bodily
injury to the student.
Barr, 562 S.W.2d at 849 (emphasis added).


 Thus, the Court concluded that the legislature
intended to predicate immunity on two basic criteria. First, the professional employee must be
acting within the scope of employment. Second, the act must involve the exercise of judgment or
discretion. If these two criteria are met, then the professional employee is not personally liable
for the act. Nowhere in Barr does the Court interpret section 21.912(b) as limiting immunity just
to acts that would otherwise result in common-law tort liability. The Supreme Court reaffirmed
its statutory interpretation in Hopkins v. Spring Independent School Dist., 736 S.W.2d 617, 618-19 (Tex. 1987).
      Stout involved a negligence claim by an injured cheerleader against a teacher and the school
district. Stout, 733 S.W.2d at 292. Discussing the purpose of section 21.912(b) in connection
with its constitutionality, the court of appeals held:
Protecting teachers from tort liability effects a broader purpose, that purpose resting upon the
importance of public education to the entire state.
. . . 
If competent people are discouraged from entering the teaching profession because of potential
tort liability, the public education system will be adversely affected.
. . . 
Protecting teachers from tort liability ensures the continuing availability and high quality of
free public education, an important societal interest protected by the Texas constitution.
Id. at 294, 295 (emphasis added). 
      Relying on Stout, and apparently misinterpreting the above references to "tort liability" as
meaning that the statute had but one limited legislative purpose, the Moore court held: "[T]he
claims of these plaintiffs, arising under the due process clauses of the Constitutions of the State
of Texas and the United States of America, are not the type of claims [section 21.912(b)] operates
to bar. . . . The immunity provisions of TEX.EDUC.CODE ANN. § 21.912(b) were intended to
bar tort liability." Moore, 751 F.Supp. at 672.
      As far as we can determine, no Texas court has ever held that section 21.912(b) provides such
limited immunity. We therefore reject the holding in Moore. Instead, as the Supreme Court did
in Barr, we adopt the two broad criteria evident in the plain language of the statute to determine
the breadth of the immunity granted: "[A] professional school employee is not personally liable
for acts done within the scope of employment, and which involve the exercise of judgment or
discretion." See Barr, 562 S.W.2d at 849. Therefore, we hold that a professional employee is
not liable for any act of judgment or discretion performed within the scope of employment,
regardless of the nature of the legal claim that would otherwise result from the act.
      In their affidavits supporting the motion for summary judgment, the school district employees
allege that they were acting at all times within the scope of their employment and in good faith. 
None state, however, that the acts involved judgment or discretion on their part. We cannot
indulge any such inference in their favor. See Mr. Property Management, 690 S.W.2d at 549. 
Thus, a fact issue exists of whether the acts made the basis of Beavers' claims involved judgment
or discretion on the part of the school district's employees.
      "Professional employee" includes superintendents and "any other person whose employment
requires certification and an exercise of discretion." Tex. Educ. Code Ann. § 21.912(d). 
Although the district's superintendent and deputy superintendent alleged in their affidavits that
they hold the state certification required for their positions, they never state that their employment
requires "an exercise of discretion." Again, we cannot indulge such an inference in favor of the
summary judgment. See Mr. Property Management, 690 S.W.2d at 549. Furthermore, Pete Cote,
the school district's purchasing director, does not state that his employment requires certification
and an exercise of discretion. Thus, the evidence does not conclusively establish that the district's
employees meet the statutory definition of professional employees.
      Notwithstanding the immunity granted to professional employees by section 21.912(b),
government employees also enjoy a common-law qualified immunity from personal liability while
performing discretionary acts in good faith within the scope of their authority. Lazaro v.
University of Texas, 830 S.W.2d 330, 332 (Tex. App.—Houston [14th Dist.] 1992, writ denied)
(citing Carpenter v. Varner, 797 S.W.2d 99, 101 (Tex. App.—Waco 1990, writ denied)). 
However, for the reasons already given, the affidavits of the district employees are insufficient to
conclusively establish that they are entitled to a judgment based on their common-law immunity.
      Elected trustees of the school district also contend they are not individually liable as a matter
of law because of the exclusive discretionary authority granted them under the Texas Education
Code to "manage and govern the public free schools of the district" and to "adopt such rules,
regulations, and by-laws as they may deem proper." See Tex. Educ. Code Ann. § 23.26(b), (d). 

      Unlike section 21.912(b), section 23.26 is not an immunity statute; instead, it generally
outlines the powers of school district trustees. That does not mean, however, that a school trustee
is not entitled to qualified immunity for discretionary acts performed in good faith within the scope
of authority. See Carpenter, 797 S.W.2d at 101 (holding that elected constable is entitled to
immunity). The affidavits of the school trustees, like those of the district's employees, fail to
allege that they were acting at all times in good faith, with discretion, and within the scope of their
authority.
      For the reasons stated, the individual Goose Creek defendants failed to conclusively establish
that they are entitled to judgment as a matter of law based on qualified immunity. See Tex. R.
Civ. P. 166a(c). Point six is sustained. 
DISPOSITION
      We affirm the summary judgment on the three grounds not challenged on appeal. First, the
district is not liable to Beavers on the roofing contract as a matter of law because of the written
release of liability. Second, the district is not liable to Beavers for not bidding the portable
building project because the cost of the project was less than $10,000. Third, the policy adopted
by the school district did not create any cause of action in Beavers as a matter of law. 
Furthermore, we affirm the summary judgment insofar as it dismissed Beavers' breach-of-contract
claim against the school district. The court correctly rendered summary judgment dismissing these
claims.
      However, we sever all other causes of action from the claims on which we have affirmed the
summary judgment. We reverse the summary judgment to the extent it dismisses causes of action,
other than those on which we have affirmed the summary judgment. Finally, we remand for trial
all causes of action, other than those on which we have affirmed the summary judgment.
 
                                                                               BOB L. THOMAS
                                                                               Chief Justice
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed in part,
      reversed and remanded in part  
Opinion issued and filed May 18, 1994
Publish
[WITHDRAWN BY ORDER 8-3-94]